IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 4 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| VANESSA AGUILAR, | § |
| Plaintiff, | § § § |
| VS. | § NO. 4:13-CV-855-A |
| JOEL RANGEL, ET AL., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss for failure to state a claim upon which relief may be granted, and alternative request for Rule 7(a) reply to immunity, filed in the above action by defendant Joe Rangel ("Rangel").[1] Plaintiff, Vanessa Aguilar, filed a response. Having considered the parties' filings, plaintiff's original complaint,[2] Rangel's answer and assertion of qualified immunity, and the applicable legal authorities, the court concludes that the motion to dismiss should be granted in part and denied in part, and that the

---

[1] Rangel indicates in the motion that he is incorrectly named in the complaint as "Joel" Rangel, rather than Joe. "Jane Doe," also named as a defendant, is apparently a second police officer who was at the scene where the events forming the basis of this action occurred.

[2] Plaintiff originally filed this action in the Dallas Division of the Northern District of Texas. Rangel filed a motion to transfer venue, which the court granted on October 18, 2013, and transferred this action to the docket of the undersigned.

alternative request for a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure should be granted.

I.

## Nature of Plaintiff's Complaint

Plaintiff's complaint makes the following factual allegations:

On November 12, 2012, when plaintiff's normal work hours ended at midnight, she went out to socialize with friends for a couple of hours. Afterwards, plaintiff went to her parents' home in Arlington, Texas to pick up her two-year-old son. When plaintiff arrived at her parents' home, plaintiff and her father got into an argument because her father smelled alcohol on her breath. Plaintiff's father asked her not to drive, so plaintiff called a friend, and plaintiff and her son waited outside for the friend to arrive. Plaintiff's father went outside and told plaintiff that she could not leave with her son. Plaintiff's father then called the police.

Defendants are both police officers with the Arlington Police Department. When defendants arrived at the parents' house, they yelled at plaintiff's parents to stay inside. The officers remained outside with plaintiff. "Plaintiff is a slender young female," while Rangel "is a large, burly, professionally-trained police officer." Pl.'s Original Compl. at

3. Defendants "immediately" arrested plaintiff for an unrelated matter. Id. "Plaintiff was compliant, nonviolent, and nonthreatening." Id. Before attempting to handcuff plaintiff, Rangel grabbed plaintiff by the neck and slammed her to the ground. The impact left plaintiff "stunned and disoriented." Id.

Plaintiff did not attempt to resist defendants before she was slammed to the ground; afterwards, she was physically unable to do anything. Rangel repeatedly punched plaintiff in the head while she lay on the ground, then handcuffed her. Even after plaintiff was handcuffed and immobilized, Rangel continued to punch her in the head. Jane Doe never attempted to intervene or stop Rangel from his actions against plaintiff.

"Despite her obvious injuries," plaintiff was taken directly to jail. Id. at 4. Two days later, plaintiff posted bond and was able to seek medical attention for her injuries. At the hospital, plaintiff was diagnosed with a sprained neck.

Plaintiff asserted claims against Rangel for violations of her constitutional rights, specifically, the right to be free from unreasonable seizure and excessive force, and the right to medical care for injuries received in custody.

II.

Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief,

the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III.
### Analysis

A. <u>Excessive Force</u>

Rangel contends the court should dismiss this claim because plaintiff has failed to allege facts that would allow the court to conclude that Rangel used excessive force. In particular, Rangel argues that plaintiff failed to allege any details about her own misconduct, including whether she resisted or attempted to evade arrest or whether she posed a threat to the officers. Although somewhat bare-bones, the allegations in the complaint pertaining to the use of excessive force are sufficient to withstand a motion to dismiss, and the motion is denied as to this claim. However, the court concludes that Rangel is entitled to a Rule 7(a) reply as to this claim.

B. <u>Deliberate Indifference to Medical Needs</u>

Constitutional challenges by pretrial detainees are classified as either an attack on the "conditions of confinement"

5

or an "episodic act or omission." Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999). Claims pertaining to conditions of confinement include broad attacks on general prison conditions, whereas episodic act or omission claims arise when "the complained-of harm is a particular act or omission of one or more officials." Scott v. Moore, 114 F.3d 51, 53 & n.2 (5th Cir. 1997) (internal citation omitted). Plaintiff's claim of deliberate indifference to her need for medical care falls into this latter category because she complains of a specific act-- that defendants failed to provide her with medical care.[3]

To prevail on this claim, plaintiff must show that an officer acted with "subjective deliberate indifference," meaning the officer was aware of facts from which he could draw an inference of substantial risk of serious harm; the officer actually drew that inference; and, the officer's response indicated that he subjectively intended for the harm to occur. Thompson v. Upshur Cnty., Tx., 245 F.3d 447, 458-59 (5th Cir. 2001) (citation omitted). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Id. at 459.

---

[3] An arrestee's complaint of deliberate indifference to medical needs, like those of a pretrial detainee, arises under the Fourteenth Amendment and is evaluated under the same standard. Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996).

The complaint in this action fails to allege any facts that could show deliberate indifference to a need for medical care. The complaint states in conclusory fashion that "[d]espite her obvious injuries" defendants took plaintiff directly to jail. Compl. at 4. However, there are no facts alleging that plaintiff received any bumps, bruises, cuts, bleeding, or anything else that would constitute an "obvious injury," or that should have alerted defendants of the need for plaintiff to immediately receive medical care. Nor does the complaint allege that plaintiff informed defendants she had suffered any injury or that she asked for, and was refused, medical care.

The complaint states that two days following her arrest plaintiff was diagnosed at a hospital with a "strained neck." Id. No facts are alleged to show that plaintiff exhibited any signs or symptoms of a strained neck, or that defendants were aware of, but disregarded, such symptoms, or even that plaintiff complained to defendants of any such symptoms and defendants refused to provide treatment. In sum, nothing is alleged in the complaint to show that defendants were aware of any need for medical care and were deliberately indifferent to such need. Accordingly, the claim for deliberate indifference to plaintiff's

need for medical care is dismissed as to both defendants.[4]

C.   Rule 7(a) Reply

Rangel has alternatively requested that plaintiff be required to file a reply pursuant to Rule 7(a) of the Federal Rules of Civil Procedure. Having considered the complaint, Rangel's answer and his assertion of qualified immunity contained therein, the court concludes that such request should be granted, and that plaintiff should file a reply to Rangel's answer that is tailored to his assertions of qualified immunity. See Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995).

D.   Request to Replead

In the conclusion of her response, plaintiff asks that she be permitted to replead. Rule LR 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas requires that "each . . . motion, or other paper must: (a) contain on its face a title clearly identifying each included pleading, motion, or other paper; . . . ." The response to the motion to dismiss does not indicate on its face that it includes a motion or request to replead. Plaintiff also did not inform the court of the additional facts she could plead to correct the deficiencies in the complaint, and she did not

---

[4]Although the motion to dismiss was filed only on behalf of Rangel, the complaint alleges no facts as would state a claim against Jane Doe for deliberate indifference to plaintiff's need for medical care.

attach to the response a proposed amended complaint. Under these circumstances, the court is not permitting plaintiff to replead. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 551 (5th Cir. 2010).

IV.

<u>Order</u>

Therefore,

The court ORDERS that plaintiff's claim of deliberate indifference to need for medical care be, and is hereby, dismissed with prejudice.

The court further ORDERS that plaintiff by December 18, 2013, file her reply to Rangel's answer that is tailored to his assertions of qualified immunity.

SIGNED December 4, 2013.

JOHN McBRYDE
United States District Judge